**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP**
Marc T. Cefalu (SBN 203324)
Courtney M. Crawford (SBN 242567)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
IMMERSA MARKETING, INC.
SUCCESSOR IN INTERST TO THE CHASE
GROUP LLC D/B/A IMMERSA MARKETING

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMERSA MARKETING, INC., SUCCESSOR IN INTEREST TO THE CHASE GROUP LLC D/B/A IMMERSA MARKETING,<br><br>Plaintiff,<br><br>v.<br><br>HUCOM COMMUNICATIONS, LTD, BORNA ALIKHANI, TAYLOR HUCOM DESIGN, TAYLOR MANUFACTURING INDUSTRIES, INC., GLOBACORE, INC., AND ENVIRONMENT AGENCY – ABU DHABI,<br><br>Defendants. | Case No.: CV-13-1859-MEJ<br><br>**PLAINTIFF'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT AND REQUEST FOR CONTINUACE OF INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Date: July 25, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom B, 15th Floor |

Plaintiff Immersa Marketing, Inc., successor in interest to the Chase Group LLC D/B/A Immersa Marketing, submits this Separate Case Management Conference Statement pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9. Plaintiff is submitting this Separate Case Management Conference Statement because the defendants have not yet been served with the summons and complaint in this matter. The parties are currently attempting to resolve this matter without the need for further litigation. As a result, Plaintiff requests that the Case Management Conference be continued approximately thirty (30) to sixty (60) days to allow the parties to continue with settlement negotiations.

## 1. Jurisdiction & Service

Plaintiff submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship of the parties and because the matter in dispute exceeds the sum of seventy-five thousand ($75,000) dollars, exclusive of interest and costs. Plaintiff contends that venue is proper in this District because the contract sued upon was entered into within this District, the contract sued upon selects California law as governing the contract, and the plaintiff maintains its principal place of business within this District.

None of the defendants, all of whom are either foreign sovereigns, foreign corporations or foreign individuals have yet been served. Plaintiff has begun the process for effecting service abroad while the parties continue to attempt to resolve this matter without further litigation. In light of the fact that Plaintiff has little control over the timing of effecting service abroad, Plaintiff requests that the Court consider imposing an initial deadline of December 2013, to effect service upon the foreign defendants. Plaintiff does not know whether any of the defendants will object to jurisdiction or venue within this District.

## 2. Facts

Plaintiff and Defendant Hucom Communications Ltd., through its principal Defendant Borna Alikhani, executed a Standard Service Agreement effective March 31, 2011, relating to certain services to be provided by Plaintiff for the benefit of all Defendants relative to the "Eye On Earth Summit" located in Abu Dhabi, United Arab Emirates, for an event (including move-in and move-out dates) that was scheduled to take place between about December 5, 2011 through December 16, 2011.

Plaintiff contends that in exchange for performing the base services pursuant to the contract, Defendants Hucom Communications, Ltd., Borna Alikhani, Taylor Hucom Design, The Taylor Group, Globacore, and/or any of them, agreed to pay Plaintiff the base sum of no less than $899,558.00. Plaintiff, however, was also asked to provide additional services on behalf of the defendants. The total amount of Plaintiff's billings for the work it

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

FDS.Hucom/3236

-2-   Case No.: CV-13-1859-MEJ
PLAINTIFF'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT

performed at the request of the Defendants and for their benefit was $1,543,828.58. To date, only $700,586.29 has been paid and there is currently due an outstanding amount of at least $843,242.29, exclusive of costs, fees, and interest. Plaintiff is demanding, at a minimum, that that amount be repaid.

Plaintiff contends that there should be no factual dispute that it performed the work requested of it, that it did so properly, that its billings are appropriate, that it has not been paid for the value of the services it has provided and that a significant amount remains due and payable.

**3. Legal Issues**

Plaintiff contends that there should be no legal issues in dispute  The parties entered into a binding agreement, Plaintiff provided services pursuant to contract and the specific request of the defendants and Plaintiff is therefore entitled to be fully compensated for the services that it provided.

**4. Motions**

There are no currently pending motions. Plaintiff anticipates filing a motion for summary judgment and/or partial summary judgment.

**5. Amendment of Pleadings**

Plaintiff does not currently anticipate amending the pleadings.

**6. Evidence Preservation**

There has been no conference amongst the parties relating to the preservation of electronic evidence because the defendants have not yet been served or appeared.

**7. Disclosures**

No Rule 26 Disclosures have yet been made because none of the defendants have been served or appeared.

**8. Discovery**

No discovery has taken place.

**9. Class Actions**

This is not a class action.

-3-    Case No.: CV-13-1859-MEJ
PLAINTIFF'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT

**10. Related Cases**

There are no related cases.

**11. Relief**

Plaintiff contends that it is entitled to compensatory damages in an amount of $843,242.29 which is the amount that Plaintiff contends defendants agreed to pay pursuant to oral and written contract and/or comprises the reasonable value of the services provided by Plaintiff at defendants' request.

Plaintiff has also prayed for an award of $750,000 in punitive damages for its fraud cause of action.

**12. Settlement and ADR**

The parties are currently attempting to reach a business resolution as to the matters raised in this action. Counsel for the parties is not currently involved in the settlement discussions.

**13. Consent to Magistrate Judge for All Purposes**

At the time of filing this Separate Case Management Conference Statement, Plaintiff's counsel has not been given authority to consent to or decline having a magistrate judge conduct all further proceedings in this matter. Plaintiff's counsel anticipates providing a consent or declination shortly.

**14. Other References**

Not applicable.

**15. Narrowing of Issues**

Not applicable at this time since none of the defendants have been served or appeared.

**16. Expedited Trial Procedure**

It is premature at this time to determine whether this mater can be handled under the Expedited Trial Procedure of General Order 64, Attachment A at this time.

**17. Scheduling**

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

FDS.Hucom/3236

Plaintiff contends that it is premature to suggest scheduling since the defendants have neither been served nor appeared.

**18.   Trial**

Plaintiff has requested a jury trial.  Plaintiff currently anticipates a five to seven day trial.

**19.   Disclosure of Non-party Interested Entities or Persons**

Plaintiff has not yet filed the Certification of Interested Entities or Persons.  The identities of the persons, firms, partnerships or corporations currently known by plaintiff to have either a financial interest in the subject matter of this controversy or in a party to the proceeding or any other kind of interest that could be substantially affected by the outcome of the proceeding includes Freeman Decorating Services, Inc., and The Freeman Company.

**20.   Other**

Plaintiff requests that this Case Management Conference be continued approximately thirty (30) to sixty (60) days to allow the parties to continue their settlement discussions and to allow Plaintiff to inform the Court of the status of the case and service of process in advance of any continued Case Management Conference.

Dated: July 17, 2013

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
Attorneys for Plaintiff
IMMERSA MARKETING, INC., SUCCESSOR IN INTEREST TO THE CHASE GROUP, LLC D/B/A IMMERSA MARKETING

By: ___/S/ Marc T. Cefalu_____
       Marc T. Cefalu



```
Counsel's request to continue the
CMC is GRANTED. Case Management
Conference is continued to August
29, 2013 at 10:00 a.m., Courtroom
B, 15th Floor.
Dated: July 17, 2013
```

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

FDS.Hucom/3236

-5-                                          Case No.: CV-13-1859-MEJ
PLAINTIFF'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT