UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IMMERSA MARKETING, INC., SUCCESSOR IN INTEREST TO THE CHASE GROUP LLC D/B/A IMMERSA MARKETING,<br><br>Plaintiff,<br><br>vs.<br><br>HUCOM COMMUNICATIONS, LTD., et al.,<br><br>Defendants. | Case No: C 13-1859 SBA<br><br>**ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND SETTING DEADLINE FOR SERVICE OF PROCESS** |

Plaintiff filed the instant action in this Court on April 23, 2013, against various Defendants, all of which apparently are foreign sovereigns, individuals and entities. In its Case Management Statement filed on December 4, 2013, Plaintiff states that it has not yet served any of the Defendants, and requests that the Court impose a deadline in December 2013 to complete service. Dkt. 13 at 2. In addition, Plaintiff requests that the Court continue the Case Management Conference currently scheduled for December 11, 2013, for a period of 30 to 60 days to allow for settlement discussions. Id. at 4.

Federal Rule of Civil Procedure 4(m), which governs the time limit for service, provides: "If a defendant is not served within 120 days after the complained is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This time limit, however, does not apply to service in a foreign country. See Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."); see also Lucas v. Natoli, 936 F.2d 432, 432 (9th Cir. 1991) ("[T]he plain language of [Rule 4(m) ] makes the 120-day service provision inapplicable to service in a foreign country . . . ."). "[A]lthough the 120-day service period

set forth Rule 4(m) does not apply to service of process on an individual or corporation in a foreign country, the court is not precluded from setting a reasonable time limit for service in a foreign country so that it can properly manage a civil case." <u>Karimi v. Poker Media Systems SAS</u>, No. No. 2:13-cv-01250-JCM-NJK, 2013 WL 4048578, *2 (D. Nev. Aug. 8, 2013) (footnote omitted).  Thus, pursuant to Plaintiff's request, the Court orders to Plaintiff to serve Defendants and file corresponding proofs of service by no later than December 31, 2013.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. The Case Management Conference scheduled for December 11, 2013, is CONTINUED to <u>January 29, 2014 at 3:00 p.m.</u>  At least seven (7) calendar days prior to the Case Management Conference, the parties shall meet and confer and file a Joint Case Management Conference Statement that complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. <u>See</u> http://www.cand.uscourts.gov/sbaorders.

2. Plaintiff's counsel shall be responsible for filing the Joint Case Management Statement and setting up the conference call.  At the date and time indicated above, Plaintiff's counsel shall call (510) 637-3559 with all parties on the line.  NO PARTY SHALL OTHERWISE CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

3. Plaintiff shall serve Defendants and file corresponding proofs of service by no later than December 31, 2013.  The failure to comply with this Order may result in the dismissal of the action.  Plaintiff shall serve a copy of this Order on Defendants.

IT IS SO ORDERED.

Dated: December 5, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge